**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES** | * | **CIVIL ACTION: 03-126** |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| **WASHINGTON MCCASKILL** | * | **SECTION "B"** |
| | * | **MAGISTRATE JUDGE ALMA L. CHASEZ** |

**ORDER AND REASONS**

Before the court is petitioner's motion for post-conviction relief under 28 U.S.C. § 2255. (Rec. Doc. 76). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that petitioner's claims under § 2255 are **DENIED**.

**Background**

On July 29, 2003, Washington McCaskill ("Petitioner") pled guilty to the charged offenses of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.[1] On October 29, 2003, he was sentenced to thirty (30) months in prison and three (3) years of supervised release.[2] The petitioner alleges that he assumed that his attorney would appeal the conviction, but that the attorney took no such action.[3] After

---

[1] Rec. Doc. 35, pg. 1.

[2] Id.

[3] Rec. Doc. 76, pg. 6.

thirty (30) months imprisonment, the petitioner began his supervised release on August 5, 2005.[4] Nevertheless, he was re-arrested on June 10, 2006 for violating the terms of the supervised release and was sent back to prison for twenty-four (24) months, until June 10, 2008.[5]

On February 27, 2008, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255.[6] The petitioner puts forth the following two grounds for relief:

>   (1) the petitioner's guilty plea was unlawfully obtained because it was involuntary and he did not understand the consequences of the plea; and
>
>   (2) the petitioner was denied effective assistance of counsel because (a) his attorney insisted upon making a guilty plea only after finding that the petitioner could not pay legal fees, and (b) the attorney failed to appeal the conviction.[7]

## Discussion

In a criminal proceeding, a defendant's notice of appeal must be filed within ten (10) business days of the judgment's entry. Fed. R. App. P. 4(b)(1)(a). The conviction becomes final when time expires for filing a notice of appeal. See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004). After the conviction becomes final, a federal prisoner can attack his sentence

---

[4] Rec. Doc. 84, pg. 2.

[5] Id.

[6] Rec. Doc. 76, pg. 1.

[7] Id. at pg. 6.

by filing a petition under 28 U.S.C. § 2255. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893 (5th Cir. 2001); <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111 (5th Cir. 1990). Nevertheless, after their conviction becomes final, a federal prisoner only has one (1) year to apply for post-conviction relief. 28 U.S.C. § 2255(f).

In this case, the petitioner did not timely file his § 2255 motion, and thus he is not entitled to relief.[8] The conviction was entered on October 29, 2003, and became final on November 8, 2003 after the petitioner failed to appeal to the Fifth Circuit. See <u>Sanchez-Castellano</u>, 358 F.3d at 428. At which time, the one (1) year statute of limitations for filing a § 2255 motion began to run. See 28 U.S.C. § 2255(f). Nevertheless, the petitioner did not file his § 2255 motion until February 27, 2008, which was well after the November 8, 2004 deadline, and thus the petitioner's motion is barred by the one (1) year statute of limitations. See <u>id.</u>

Furthermore, the petitioner is not entitled to tolling of the one (1) year statute of limitations. The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998). The Fifth Circuit has held that equitable tolling is only available in "rare and exceptional

---

[8] Although the petition is not timely, the petitioner's complaints are based upon allegations of ineffective counsel, and thus § 2255 was the proper statute to invoke. See <u>United States v. Gipson</u>, 985 F.2d 212 (5th Cir. 1993).

3

circumstances." Id. at 811; see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005). A petitioner is entitled to such tolling when they are "actively misled" or "prevented in some extraordinary way from asserting [their] rights." Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999). Furthermore, a petitioner may be entitled to equitable tolling if they *reasonably relied* upon their attorney's intentional deceit. See United States v. Wynn, 292 F.3d 2266, 230-31 (5th Cir. 2002). "[A] 'garden variety claim of excusable neglect' does not support equitable tolling." Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

In this case, the petitioner's claim that he thought his attorney would appeal, does not entitle him to equitable tolling of the one (1) year statute of limitations. This is not a "rare and exceptional" situation, see Davis, 158 F.3d at 811, but rather a "garden variety" failure to file a timely notice of appeal. See Rashidi, 96 F.3d at 128. The petitioner would have a good argument for equitable tolling if his attorney promised to appeal, the petitioner relied on the promise, but the attorney failed to take such action. See Wynn, 292 F.3d 230-31. Nevertheless, this is not the case because the attorney never made such a representation; rather, the petitioner merely assumed that his attorney would

appeal.[9] Furthermore, the complaint is devoid of any allegation that he requested his attorney to appeal.[10] The one (1) year statute of limitations did not toll, and thus the petition for post-conviction relief is barred. See 28 U.S.C. § 2255(f). Accordingly,

**IT IS ORDERED** that petitioner's both of petitioner's claims under § 2255 are **DENIED**.

New Orleans, Louisiana this 28th day of July, 2008.

*[signature]*

**UNITED STATES DISTRICT JUDGE**

---

[9] The alleged assumption that the attorney would file an appeal is without merit. The petitioner thought that his attorney's decision not to go to trial was dictated by the petitioner's inability to pay legal fees. Accordingly, an assumption that his attorney would appeal does not comport with his intuition that his attorney no longer wanted to deal with the case.

[10] See Generally Rec. Doc. 84.