UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES** | * | **CIVIL ACTION: 03-126** |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| **WASHINGTON MCCASKILL** | * | **SECTION "B"** |
| | * | **MAGISTRATE JUDGE ALMA L. CHASEZ** |

ORDER AND REASONS

Before the court is petitioner's motion to appoint new counsel and a motion to issue a certificate of appealability. (Rec. Doc. 75). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED**, that petitioner's motions are **DENIED**.

**Background**

On July 29, 2003, Washington McCaskill ("Petitioner") pled guilty to the charged offenses of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2.[1] On October 29, 2003, he was sentenced to thirty (30) months in prison and three (3) years of supervised release.[2] The petitioner alleges that he assumed that his attorney would appeal the conviction, but that the attorney took no such action.[3] After thirty (30) months imprisonment, the petitioner began his

---

[1] Rec. Doc. 35, pg. 1.

[2] Id.

[3] Rec. Doc. 76, pg. 6.

supervised release on August 5, 2005.[4] Nevertheless, he was re-arrested on June 10, 2006 for violating the terms of the supervised release and was sent back to prison for twenty-four (24) months, until June 10, 2008.[5]

On February 27, 2008, in addition to filing a motion for post-conviction relief, the petitioner also filed a motion to appoint new counsel and a motion to issue a certificate of appealability.[6] The petitioner contends that there was not enough evidence to convict, and thus trial counsel erred by failing to request an evidentiary hearing.[7] As such, the petitioner requests the opportunity to appeal, pursuant to 28 U.S.C. § 2253.

## Discussion

A petitioner is not permitted to appeal a final judgment in a § 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B).The United States Supreme Court has held that in situations where a habeas petition is denied on *procedural* grounds, without addressing the *merits* of the claim, the petitioner is entitled to a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[4] Rec. Doc. 84, pg. 2.

[5] Id.

[6] Rec. Doc. 75, pg. 1.

[7] Id.

right and that jurist of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Further, the Fifth Circuit has applied the Slack standard to § 2255 proceedings. See United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002).

In the present case, the petitioner is not entitled to a certificate of appealability. The § 2255 petition was denied on procedural grounds; in other words, it was untimely. See Skinner v. Quarterman, No. 2:99-CV-0045, 2007 WL 582808, at *6 (N.D. Tex. Feb. 22, 2007) ("dismissal of a petition as untimely [is] more properly... characterized as a dismissal on a procedural ground rather than a dismissal on the merits"). The decision to deny the petition because of untimeliness was clear and concise in the sense that no reasonable jurist "would find it debatable whether the district court was correct in its procedural ruling." See Slack, 529 U.S. at 484. The statute of limitations had clearly expired and no case law suggested that equitable tolling was available. As such, the petitioner is not entitled to a certificate of appealability.

Furthermore, the petitioner's motion to appoint new counsel is also denied. Motions to appoint new counsel are denied when there is not any "non-frivolous" issues to appeal. See U.S. v. Davalos-Hernandez, 251 Fed.Appx. 935, 2007 WL 3119723, at *1 (5th Cir. Oct. 25, 2007); U.S. v. McMorris, 200 Fed.Appx. 323, 2006 WL 2668939, at

*1 (5th Cir. Sep. 14, 2006). In this case, not only does the petitioner have no "non-frivolous" issues to appeal, but is not entitled to an appeal at all.

Accordingly,

   **IT IS ORDERED** that petitioner's motion to appoint new counsel and the motion to issue a certificate of appeal pursuant to § 2253 are **DENIED**.

   New Orleans, Louisiana this 28th day of July, 2008.

                                     _____
                                     **UNITED STATES DISTRICT JUDGE**